UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: BROOKS M. WITZKE, | Case No. 1:24-cv-00044-DKG |
| Petitioner, | **ORDER** |

## INTRODUCTION

Before the Court is a Petition for admission to the bar of this Court or, alternatively, for an in-person show cause hearing. (Dkt. 1).[1] Having carefully reviewed the record, the Court finds the facts and legal arguments are adequately presented therein and that the decisional process would not be aided by oral argument. Therefore, in the interest of avoiding delay, the matter will be decided on the record. Local Civ. R. 7.1(d). For the reasons that follow, the Court will deny the Petition.[2]

## BACKGROUND

Petitioner, Brooks M. Witzke, is a graduate of Concordia University School of Law. In 2019, Witzke passed Delaware's written bar examination but was not admitted to the Delaware state bar. Witzke submitted applications for admission to the Idaho State

---

[1] An amici curiae brief was filed in support of the Petition, which the Court has reviewed and considered. (Dkt. 8-1). Because the amici curiae brief raises the same substantive arguments as the Petition, the Court will not discuss the amici curiae brief separately but will refer to it where relevant herein.

[2] Petitioner has consented to proceed before a United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c)(1) and Local Civil Rule 72.1(a)(1). (Dkt. 6).

Bar (ISB) in 2020, 2022, and 2023. (Dkt. 1 ¶¶ 2-8). The 2020 and 2022 applications were denied. (Dkt. 1 ¶¶ 2, 8). The 2023 application is the subject of a petition filed by the ISB and a cross-petition filed by Witzke, both of which are pending before the Idaho Supreme Court. (Dkt. 1 ¶¶ 9-15). Witzke filed three federal court cases in this District related to his ISB applications.[3] To date, the record reflects that Witzke has not been admitted to any state bar and is not licensed to practice law in any state in the United States.

On November 6, 2022, Witzke filed an application for admission to practice in this District. (Dkt. 1 ¶ 17; Dkt. 1-1, Ex. E). On November 22, 2022, the Clerk of the Court notified Witzke that his application would not be processed because he is not an admitted member of the ISB as required by Local Civil Rule 83.4(a). (Dkt. 1 ¶ 19). On January 25, 2024, Witzke filed the Petition presently before the Court. (Dkt. 1).

## DISCUSSION

In his Petition, Witzke argues the Court must evaluate his application for admission to the federal bar independent from any decisions or processes of the ISB and the Idaho Supreme Court, and requests that his application be granted as an exception to United States District of Idaho Local Civil Rule 83.4(a)'s requirement that applicants be members in good standing of the ISB. (Dkts. 1, 1-2).

---

[3] The federal court cases are as follows: *Witzke v. Idaho State Bar*, *et al*., 1:22-cv-00090-REP (*Witzke I*); *Witzke v. Idaho State Bar, et al*., 4:22-cv-00253-REP (*Witzke II*); *Witzke v. Idaho State Bar, et al*., 1:22-cv-00478-REP (*Witzke III*). The Court takes judicial notice of these proceedings. Fed. R. Evid. 201(b); *Witzke I*, 643 F.Supp.3d 1093, 1104-05 (D. Idaho 2022).

"Federal courts have inherent and broad regulatory authority to make rules respecting the admission, practice, and discipline of attorneys in the federal courts." *Gallo v. United States Dist. Court for Dist. of Ariz.*, 349 F.3d 1169, 1179–80 (9th Cir. 2003); *see also In re Wasserman*, 240 F.2d 213, 214 (9th Cir. 1956). Federal Rule of Civil Procedure 83 and the Rules Enabling Act, 28 U.S.C. § 2071 *et seq.*, expressly authorize federal district courts to adopt procedural rules governing their practices, including the admission and discipline of attorneys. *Gallo*, 349 F.3d at 1179-80, 1184. To that end, the District of Idaho has duly adopted Local Civil Rule 83.4, which states in relevant part:

a)       **Admission to the Bar of this Court.** Admission to and continuing membership in the bar of this Court is limited to attorneys of good moral character who are active members in good standing of the Idaho State Bar. Each applicant for admission must present to the Clerk a written petition for admission stating the applicant's residence and office addresses and by what courts he or she has been admitted to practice and the respective dates of admission to those courts. Upon qualification, the applicant may be admitted upon written or oral motion as determined by the Court. Before any certificate of admission shall issue, the applicant must sign the prescribed oath.

b)       **Practice in this Court.** Except as herein otherwise provided, only members of the bar of this Court may practice in this Court. Only a member of the bar of this Court may appear for a party, sign stipulations, or receive payment or enter satisfactions of judgment, decree, or order.

Witzke recognizes and does not contest the Court's authority or adoption of Local Civil Rule 83.4. Nor does he challenge the Local Civil Rule's admission requirement that applicants be active members in good standing of the ISB. Instead, Witzke argues the Court is "require[ed] [to] deviate from the Local Rule in this *one specific instance* due to the exceptional circumstances inherent in [his] case," and to evaluate his application for admission independent from the state proceedings. (Dkt. 1-2 at 8) (italics in original); *see*

*also* (Dkt. 8-1 at 3). Witzke asserts two bases for finding exceptional circumstances: 1) enforcement of Local Civil Rule 83.4 would essentially adopt the ISB's retaliatory and unconstitutional denials of his admission applications; and 2) he passed the Delaware state bar's written examination and has demonstrated his competency and fitness to practice law in the federal cases he litigated *pro se* in this District. (Dkt. 1-2 at 8-11). Having carefully reviewed the Petition and the record, the Court finds that the circumstances presented here do not warrant deviating from the admission requirements set forth in Local Civil Rule 83.4 and that no hearing on the Petition is required, for the reasons that follow.

## 1.    Constitutional Considerations

Witzke contends his ISB applications were denied in retaliation for having exercised his First Amendment right to petition and seek judicial redress by filing his federal cases. (Dkts. 1-2, 8-1). Thus, Witzke argues, this Court must independently evaluate his eligibility for licensure, because "blindly" adopting the unconstitutional retaliatory denials of his ISB applications would effectively deny him admission to the federal bar based on his having engaged in protected constitutional activities, and deprive him of his right to practice his chosen profession. As explained below, the Court finds otherwise.

Requiring state bar admission as a prerequisite to admission to practice in federal court is neither new nor novel. *Selling v. Radford*, 243 U.S. 46, 47 (1917) (noting an attorney's admission to practice in the United States Supreme Court had been conditioned on, among other things, membership of the bar of the highest state court); *Gallo*, 349 F.3d

4 - ORDER

1184; *In re Pawlak*, 1995 WL 723177, at *3 (E.D. Penn. Dec. 1, 1995). Indeed, the majority of federal district courts, including this one, require admission to the bar of the state in which they are located as a prerequisite to admission to the federal bar. *Gallo*, 349 F.3d at 1184; *In re Pawlak*, 1995 WL 723177, at *3. The Ninth Circuit has observed that requiring an applicant be a member in good standing of the bar of a state's highest court is well within the district court's rule making power and does not violate any constitutional right. *Gallo*, 349 F.3d at 1184 (citing *Giannini v. Real*, 911 F.2d 354, 359 (9th Cir. 1990)).

Applying Local Civil Rule 83.4's state bar admission requirement to Witzke's application here does not violate his constitutional rights. The First Amendment protects the right "to petition the Government for a redress of grievances." U.S. CONST. AMEND. I. "[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes. '[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government.'" *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011) (quoting *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 896–897 (1984)). However, rules requiring state bar membership for admission to practice in federal court do not deny meaningful access to courts, because attorneys may practice before a court so long as they follow the court's procedures for admission. *See Nat. Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037, 1048 (9th Cir. 2014); *Lawyers for Fair Reciprocal Admission v. United States*, 2024 WL 987979, at *3 (D. Ariz. March 7, 2024) (citing *Thaw v. Lynch*, 2016 WL 1045527, at *7 (D. Ariz. March 16, 2016)).

Here, Witzke has not obtained the requisite qualifications under Local Civ. R. 83.4 for admission to practice law in this District; and has not been denied meaningful access to courts, as evidenced by the state and federal cases he has litigated *pro se*.[4] Rather, Witzke's arguments challenging the processing and denials of his ISB applications for admission are a collateral attack or appeal of the state proceedings repackaged as exceptional circumstances for deviating from Local Civil Rule 83.4's admission requirement. (Dkts. 1-2, 8-1). However, Witzke's assertions that his constitutional rights have been violated by the alleged retaliatory denials of his ISB applications are not properly adjudicated or remedied in the context of this Petition. *See Brown v. Board of Bar Examiners of State of Nev.*, 623 F.2d 605, 609-11 (9th Cir. 1980) ("A federal district court…does not sit as an appellate court and therefore lacks jurisdiction to review state court actions denying admission to the bar, even though the denial allegedly involves deprivation of constitutional rights."); *Gallo*, 349 F.3d at 1175-77 (holding the denial of a petition for admission to a district court despite existing laws proscribing such appearances, in contrast to a disbarment proceeding that involves ethical disciplinary matters, was constitutional and neither final or appealable).

Indeed, Witzke's challenges to the denials of his ISB applications have been raised elsewhere, and have been or are still being litigated in other proceedings. *See Witzke III*,

---

[4] Notably, Witzke prevailed on certain aspects of his federal cases, further demonstrating that he has not been denied access to courts. *Witzke III*, 647 F.Supp.3d 943, 956-57 (holding Plaintiff demonstrated a likelihood of irreparable harm); *Witzke III*, 2023 WL 3394925, at *10-16 (holding Plaintiff stated plausible claims under the Americans with Disabilities Act, Rehabilitation Act, and Section 1983); *Witzke III*, Orders at Dkts. 186, 188 (finding Plaintiff's claims not frivolous).

647 F.Supp.3d 943 (D. Idaho 2022); *Witzke III*, 2023 WL 3394925 (D. Idaho May 11, 2023); *Witzke I*, 643 F.Supp.3d 1093, 1121-22 (D. Idaho 2022). In *Witzke I*, Witzke challenged the validity of certain ISB admission rules under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Fourteenth Amendment's substantive and procedural due process clauses. *Witzke I*, 643 F.Supp.3d at 1101-02. The Court dismissed the *Witzke I* claims with prejudice, and without leave to amend, for lack of jurisdiction and, alternatively, for failure to state a claim. Notably, the Court concluded that the claims and relief sought were an improper *de facto* appeal of the denial of his first bar application. *Id*. at 1111-15.

In *Witzke III*, Witzke raised a claim of unlawful retaliation under the ADA and RA (collectively "ADA/RA") alleging, in part, that his ISB applications were denied or delayed in retaliation for having exercised his fundamental right to file a lawsuit and access to courts – mirroring his arguments here. The Court in *Witzke III* concluded that the allegations of denial or delay of his bar application process did not establish a necessary element of the ADA/RA claim, but allowed the claim to proceed on another basis. *Witzke III*, 2023 WL 3394925, at *11. Witzke later moved for voluntary dismissal, conditioned on being allowed to raise the ADA/RA claim in proceedings before the Idaho Supreme Court. *Witzke III*, Motion at Dkt. 139 (D. Idaho June 19, 2023); and Orders, Notice at Dkts. 154, 155, 157 (D. Idaho Aug. 1, 16, 2023).[5] As stated previously, the

---

[5] Witzke raised additional claims in *Witzke III* under the Due Process Clause and Section 1983. The Due Process claims challenged the validity of the ISB's rules and process for adjudicating bar applications and were dismissed as a matter of law by the Court. *Witzke III*,

proceedings before the Idaho Supreme Court are ongoing. The state and other federal proceedings may not be relitigated or challenged here. All that is before the Court on this Petition, is Witzke's request for an exception to the state licensing requirement of Local Civil Rule 83.4, and for admission to practice in this District. For the reasons discussed herein, the Court finds no basis has been shown to waive or deviate from the requirements of Local Civil Rule 83.4, or for a show cause hearing.

Witzke's reliance on *Selling v. Radford* is misplaced. *Selling* involves a federal court's independent consideration of certain factors to evaluate a state's disciplinary proceeding of a licensed attorney in determining whether to impose reciprocal discipline of the attorney who is admitted to the federal court bar. *Selling* directs that a federal court should recognize but is not bound by state disciplinary proceedings and, rather, must review the state record and "determine for ourselves the right to continue to be a member of this Bar." *Selling*, 243 U.S. at 50.

As previously discussed, Witzke has never been a member of any bar and, thus, has not been subject to any disciplinary proceedings. The proceedings before the ISB and Idaho Supreme Court involving Witzke's applications for <u>admission</u> were not disciplinary proceedings. Thus, there is no reciprocal discipline for this Court to independently consider imposing using the *Selling* factors. Witzke's characterizations of the proceedings

---

2023 WL 3394925, at *5-10 (D. Idaho May 11, 2023). The Section 1983 claims of retaliatory termination and conspiracy were voluntarily dismissed with prejudice. *Witzke III*, Orders at Dkts. 154, 155, 157 (D. Idaho Aug. 1, 16, 2023). The ADA/RA claim was voluntarily dismissed without prejudice. *Id.* The voluntary dismissals were conditioned upon Witzke's agreement to pay attorney fees or costs if he refiled the same or substantially similar lawsuit in the future, excluding his raising the ADA/RA claim before the Idaho Supreme Court. *Id.*

involving his ISB admission applications as "disciplinary" and "disbarment" proceedings do not make it so.

The same is true of Witzke's arguments likening this case to reinstatement proceedings. (Dkt. 1 ¶ 20; Dkt. 1-2 at 12). Having never been licensed in any state and never admitted to practice in this District, nothing has been revoked and there is nothing to reinstate. *See* Local Civ. R. 83.5 (detailing standards and procedures governing attorney discipline). Such proceedings – discipline, disbarment, and reinstatement – all apply to licensed, admitted members of the bar, making the proceedings and the individuals subject to them fundamentally different from Witzke and his request for admission to the federal bar. This distinction between proceedings involving admitted members of the bar and individuals who seek admission is not insignificant. *See In re Corrinet*, 645 F.3d 1141, 1145 (9th Cir. 2011) (distinguishing between denials of petitions for admission to a district court bar and suspensions or disbarments of existing members); *Gallo*, 349 F.3d at 1183-84 (same); *In re Poole*, 222 F.3d 618, 622 (9th Cir. 2000) (finding a case of an attorney not admitted to practice in federal court is "completely inapposite" from cases concerning an admitted attorney). Thus, the considerations discussed in *Selling*, which provide exceptions to the imposition of reciprocal discipline on licensed and admitted attorneys, do not apply to the Petition filed in this matter seeking admission to practice before this Court.

The Court also denies Witzke's request for a show cause hearing and for an independent determination of whether he should be granted admission to this bar without meeting the qualifications of Local Civil Rule 83.4. To be sure, this Court is not bound by

9 - ORDER

the state's determination concerning an applicant's admission or an attorney's discipline. *Gallo*, 349 F.3d at 1184 (citing *In re Ruffalo*, 390 U.S. 544, 547 (1968)). However, there is no mandate that the Court conduct an independent review or hold a hearing to determine whether an applicant seeking admission to this bar satisfies the threshold requirements for admission.[6]

Unlike disbarment, disciplinary, or reinstatement proceedings, due process does not demand a hearing before denying an application for admission that does not meet the threshold qualification requirements for admission. *Gallo*, 349 F.3d at 1181-87; *In re Pawlak*, 1995 WL 723177, at *5. Again, no constitutional rights are violated by a district court's requirement that bar applicants be members of the local state bar. *Gallo*, 349 F.3d at 1184. Witzke is not admitted to the ISB and, therefore, indisputably does not meet the threshold qualifications for admission to this bar as prescribed by Local Civil Rule 83.4. Witzke's request here for an exception to the state bar admission requirement does not transform the nature of the proceeding – application for admission to the bar – into one

---

[6] Witzke's asserted *England* Reservation reserving his right to seek admission to this Court independent from any decision of the state does not, *ipso facto*, "trigg[er] a constitutional requirement that this Court independently adjudicate and decide Witzke's eligibility for licensure to practice before it regardless of any state court decision to the contrary." (Dkt. 1 ¶ 13; Dkt. 1-1, Ex. A). Rather, a *England* Reservation preserves the role of state courts as the final expositors of state law, and the primacy of the federal judiciary in deciding questions of federal law. *Los Altos El Granada Invs. v. City of Capitola*, 583 F.3d 674, 685 (9th Cir. 2009). An *England* Reservation allows a litigant in state court to preserve his or her right to return to the district court to pursue his federal claims. Here, the Court recognizes that it is not bound by the state's admission or attorney discipline findings. However, for the reasons discussed in this decision, determining whether Witzke's application for admission meets, or warrants an exception to, the requirements of Local Civil Rule 83.4, does not require a hearing.

that demands due process protections – disbarment, disciplinary, or reinstatement proceedings.

Nor do the other alleged constitutional violations or implications – loss of profession or denial of the ability to practice law - trigger the requirement to hold a hearing or establish a basis for deviating from the Local Civil Rule's admission requirements in this case. Individuals have a constitutionally protected property interest in their professional licenses, once conferred. *Gallo*, 349 F.3d at 1179. Here, however, Witzke has not been conferred a professional license. Thus, Witzke does not presently have a constitutionally protected property interest. *Giannini*, 911 F.2d at 358 ("There is no fundamental right to practice law or to take the bar examination."); *Edelstein v. Wilentz*, 812 F.2d 128, 132 (3rd Cir. 1987) (recognizing cases holding there is no fundamental right to practice law); *Maynard v. U S. Dist. Ct., Cent. Dist. Cal.*, 701 F.Supp. 738, 743 (C.D. Cal. 1988) (stating "the right to practice law is not a property right protected by the Due Process Clause."); *Raiser v. Ventura College of Law*, 2009 WL 10692054, at *4 (C.D. Cal. July 9, 2009) (dismissing a Section 1983 claim because the right to practice law is not a right conferred under the Constitution or federal statutory law.). Witzke's desire to practice law does not give rise to a constitutionally protected interest. *Gallo*, 349 F.3d at 1178-79 ("To have a property interest…a person clearly must have more than a unilateral expectation of it. He [or she] must, instead, have a legitimate claim of entitlement to it."). Thus, Witzke has not demonstrated he has a due process right to a show cause hearing or that he has otherwise been denied due process here.

11 - ORDER

Even if Witzke did have a protectable interest, the state bar licensing requirement of Local Civil Rule 83.4 passes constitutional muster, as it is rationally related to serve the legitimate purpose of ensuring qualified individuals are allowed to practice law before the Court. *Gallo*, 349 F.3d at 1179-80 (applying rational basis standard to federal district court admissions qualifications requiring state bar admissions); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1483 (9th Cir. 1989) ("Admission to the state bar is the essential determinant of professional ethics and legal competence."); *Giannini*, 911 F.2d at 360; *Maynard*, 701 F.Supp. at 743 (discussing the legitimate public policy objective for the state bar examination requirement that satisfy the rational basis test).

The case Witzke principally relies to support his argument that he is entitled to a show cause hearing, *Mattox v. Disciplinary Panel of United Staes Dist. Ct. for the Dist. of Colorado*, 758 F.2d 1362 (10th Cir. 1985), is inapposite. In *Mattox*, the Tenth Circuit held that where a district court's local rules did not set forth a procedure for readmission, it was appropriate for the district court to apply its general requirements for admission - membership to the state court and be of good moral character - in determining whether to readmit a suspended attorney, likening a petition for reinstatement in such circumstance as "more akin to a case involving initial admission than to one involving suspension or disbarment." *In re Klipstine*, 894 F.Supp.2d 1351, 1354 (D. New Mexico 2012) (paraphrasing *Mattox* and applying constitutional due process standards to a petition for readmission by an attorney who had been admitted but suspended). In contrast, this District's Local Civil Rules are not absent requirements for admission or a procedure for

readmission. Local Civ. Rules 83.4, 83.5. Thus, the circumstance in *Mattox* is not present here.

Rather, Witzke's request for admission is governed by Local Civil Rule 83.4, which requires membership to the ISB. Again, Witzke's application for admission indisputably shows that Witzke does not possess the required qualifications for admission and, for that reason alone, his application is deficient and was not processed. No further due process is required. As discussed above, Witzke's request for admission is fundamentally dissimilar from the caselaw requiring due process protections to individuals who possess the minimum qualifications but have been denied admission based on their character or fitness; or individuals who are the subject of suspension, discipline, disbarment, proceedings. *Gallo*, 349 F.3d at 1176-77 (disbarment proceedings generally involve ethical violations whereas requests for admission do not). Local Civil Rule 83.4's requirement that all attorneys be members of the ISB is instead a regulatory procedure adopted to streamline the process for attorney admissions in this District. *Gallo*, 349 F.3d at 1181-82 (finding the state bar requirement was a purely regulatory procedure requiring public notice and open hearings, not an adjudication of an individual's application for admission). It is not an adjudication of an individual applicant's ethics or any alleged misconduct. *Id.* As such, due process requires appropriate public notice and open hearings, which have been provided. *Id.*

13 - ORDER

Local Civil Rule 83.4's bar admission requirements were duly adopted following proper public notice and comment periods, which Witzke does not contest.[7] The Petition and supporting filings in the record demonstrate that Witzke had actual notice of this District's bar admission requirements, does not contest the validity of the requirements, and does not dispute that he does not possess the minimum threshold requirements. The record further establishes that Witzke was informed by the Clerk of the Court that the sole reason his application was not processed was because he is not admitted to the ISB. (Dkts. 1, 1-2). The Court has fully reviewed and considered the merits of Witzke's Petition and request for an exception to the admissions requirements and, for the reasons stated herein, finds Witzke has not demonstrated a basis for deviating from Local Civil Rule 83.4 and has not shown a show cause hearing on the Petition is required. The Court declines to exercise its discretion to waive the admission requirements in this case. No further process is required under the rules or the constitution.

---

[7] Following proper notice of publication to the Idaho Bar on May 5, 1994 and public comment period, on July 11, 1994 the Court adopted a local rule requiring applicants for admission to the bar of this Court be active, admitted members in good standing of the ISB. (General Order 106, Local Civil Rule 83.5). The District's Local Civil Rules are periodically revised after providing an appropriate public notice and opportunity for comment. Most relevant here, on January 6, 2009, the rule governing bar admission was re-numbered as Local Civil Rule 83.4. (General Order 232). However, the requirements for admission to practice in this District – including membership in the ISB - have not substantively changed since its adoption in 1994. The District's Local Civil Rules have at all times been available to the public, most recently at each Federal Courthouse in Idaho, on the Court's internet website: http://www.id.uscourts.gov, and by request via mail.

2.      **Demonstrations of Competency and Fitness**

Witzke next argues his application for admission should be granted, without

requiring membership in the ISB, because he has passed another state's written bar

examination and has demonstrated his competency and fitness through his performance

representing himself in the cases filed in this District. (Dkt. 1-2). The Court finds

otherwise.[8]

Despite having passed the Delaware examination, Witzke has not been admitted to

any state bar, let alone the ISB. There are important and sound reasons underlying the

state licensing requirement that outweigh Witzke's contentions that an exception to Local

Civil Rule 83.4 is warranted here. *In re Wasserman*, 240 F.2d at 215 (recognizing the

policy considerations underlying a federal district court's reliance on state bar admission

"highly commendable," reasonable, and logical). "States have traditionally been the

principal regulators of attorneys." *In re Pawlak*, 1995 WL 723177, at *3; *see also*

*Zambrano*, 885 F.2d at 1483 (recognizing "states shape the general requirements for

admission into the legal profession" and "[a]dmission to the state bar is the essential

determinant of professional ethics and legal competence."). While not bound by state bar

proceedings, federal courts routinely utilize and rely on state bar admissions for good

reasons, such as avoiding needless duplication of the states' traditional function of

---

[8] The Court's reasoning applies equally to other possible bases for finding competency and fitness to practice law that are mentioned in the Petition – *e.g.*, 2023 legal ethics CLE course, 2019 graduation from law school, and CALI Awards. While all of Witzke's achievements are commendable, they do not warrant an exception to Local Civil Rule 83.4 and do not outweigh the important interests underlying the District's requirement for admission to the state bar.

establishing the machinery necessary to determine admission to the bar. *Gallo*, 349 F.3d at 1180 ("Historically,…the licensing and regulation of lawyers has been left exclusively to the states," and "states supply not only the qualifications for admission to practice and the standards of professional conduct but also the guidelines and machinery for the discipline of lawyers."); *Zambrano*, 885 F.2d at 1482-83 (discussing reasons federal courts rely on the state bar processes for admission); *In re Pawlak*, 1995 WL 723177, at *3 (quoting *In re Isserman*, 345 U.S 286, 287 (1953)). Consequently, this District does not have its own procedures for examination of bar applications and does not conduct independent examinations for admissions to its bar. The Court declines the invitation to do so in this instance, as Witzke has not demonstrated any reasons exist to waive the state bar admission requirement here. *Id*.

Further, Witzke's Delaware 2019 bar examination result is not a replacement or exception to Local Civil Rule 83.4's state bar admission requirement for at least two reasons.[9] First, Witzke was not admitted to the Delaware state bar, despite having passed the written exam. The written bar examination is just one of the requirements for admission into a state bar. Achieving a passing score on the bar examination does not equate to admission as a member of a state bar. Second, with two exceptions not relevant

---

[9] Witzke's attempt to distinguish *In re Pawlak*, based on his having passed the Delaware bar is unpersuasive. (Dkt. 1-2 at 10). *In re Pawlak* involved a petitioner who had taken and failed to pass the Pennsylvania state bar examination and, on that basis, the Pennsylvania federal court denied her request for admission. Here, Witzke has not passed the Idaho bar examination, which is required for admission into the ISB and, ultimately, admission to the federal bar of this District. As discussed herein, a federal court's reliance on the state's admission requirements in its own District, is sound and rationally related to a legitimate interest.

here, Local Civil Rule 83.4 is not a rule of comity or reciprocity - it does not allow for admission of applicants who are admitted members of other state bars, and does not recognize written examinations from other states. *In re Wasserman*, 240 F.2d at 215 (recognizing some states allow comity, but that such rules are not obligatory).[10]

Witzke's performance representing himself in the cases filed in this District also does not justify deviating from Local Civil Rule 83.4's licensing requirement. Representing oneself is fundamentally different from serving as an attorney for others. Pro se litigants, however competent, represent their own interests and incur their own liability or receive the benefits that result from their self-representation. In contrast, the client, not the representing attorney, ultimately bears the burdens or reaps the benefits that result from an attorney's representation. Moreover, attorneys have special responsibilities as a representatives of their clients and as officers of the legal system, and are bound by rules of professional conduct. *See* Idaho R. Prof. Conduct; Local Civ. R. 83.5(a) (requiring all members of the bar and all attorneys permitted to practice in this Court to comply with the ISB's Rules of Professional Conduct and prohibiting attorneys from engaging in conduct degrading the integrity of the Court or the administration of justice). Given these important roles of attorneys, the requirements for licensing are critical and necessary to ensure those representing others are held to the highest standards and are subject to disciplinary actions for violating those standards. *See United States ex*

---

[10] Local Civil Rule 83.4(c) allows admission of non-ISB attorneys employed or retained by the United States or its agencies, or are part of a Federal Defender Organization, in certain cases.

*rel. Schwartz v. TRW Inc.*, 118 F.Supp.2d 991, 995 (C.D. Cal. 2000) (discussing reasons for limiting the right of a *pro se* non-lawyer litigant to represent others in a *qui tam* lawsuit); *Hootstein v. Amherst-Pelham Reg. Sch. Committee*, 361 F.Supp.3d 94, 101 (D. Mass. 2019) (explaining the purposes of the rule barring a non-lawyer from representing another individual). Indeed, it is a criminal offense in Idaho to practice law without a license. Idaho Code § 3-420. Without such assurances, the danger to clients from improper representation and the harm to the legal profession itself are seriously jeopardized.

For these reasons, the Court finds no basis has been shown to not enforce the state licensing requirement of Local Civil Rule 83.4 to Witzke's application for admission. Accordingly, the Petition will be denied.

## ORDER

NOW, THEREFORE IT IS HEREBY ORDERED that the Petition (Dkt. 1) is **DENIED**.

DATED: April 22, 2024

Honorable Debora K. Grasham
United States Magistrate Judge